UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Austin Carter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   2018-cv-4151 |
| | ) | |
| John Baldwin, et. Al., | ) | |
| | ) | |
| Defendants. | ) | |

**Derek Cropp's Response to Motion to Withdraw**

Defendant Derek Cropp, in response to the motion of Kathryn Boyle seeking leave to withdraw as counsel (Doc. 17), states as follows:

1. I am a defendant in the above captioned lawsuit.

2. When the Plaintiff brought this lawsuit I requested representation from the Illinois Attorney General.

3. On December 24, 2018, Assistant Attorney General Kathryn Boyle entered her appearance on my behalf.

4. On January 11, 2019, a letter was sent to me from Christopher Higgerson.  Mr. Higgerson is apparently the Bureau Chief of the Attorney General's General Law Division.  In that letter I was informed that the Attorney General was declining to appear on my behalf (See Attached Letter).

5. On January 25, 2019, I consulted with a private attorney regarding this matter.  During that consultation I learned for the first time that Ms. Boyle had filed a motion seeking to withdraw as attorney of record (Doc. 17).  I never received a copy of that motion and did not know that there was a deadline for me to file a response until I spoke with a private attorney.

6. Ms. Boyle's motion indicates that she inadvertently entered her appearance on my behalf and was seeking to withdraw.  I have no knowledge of how she inadvertently entered her appearance on my behalf.

7. Upon learning that the Attorney General's Office was going to decline representation, on January 22, 2019, my union filed a grievance seeking to challenge that action (See Attached Documentation).

8. I object to the Attorney General's Office seeking to withdraw from this matter and I am requesting that this Court defer ruling on the motion until the pending grievance is fully resolved.

9. Should the Court grant the motion to withdraw over my objection I ask that these proceedings be stayed. On December 7, 2018, I was indicted in Knox County, Illinois (See Attached Bill of Indictment). The indictment stems from the same event that gives rise to this lawsuit. If forced to defend myself in this proceeding I would be obligated to answer the complaint and be subjected to being examined under oath. Forcing me to defend myself while the criminal charges are pending would implicate my Fifth Amendment rights against self incrimination. *See Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005).

10. I remain an employee of the Illinois Department of Corrections. Under DOC rules I am not allowed to send mail to an inmate. Further, I am not allowed to provide my address to an inmate. For this reason I am not serving this document on the Plaintiff. I request that the Court send a copy of the pleading or direct that the Attorney General's office send a copy of the pleading to the Defendant with my address redacted.

Wherefore, I request that this Court take the following action in response to the motion seeking leave to withdraw:

1. Deny the motion or at least hold off on ruling on the motion until my pending grievance is resolved.

2. Should the Court grant the motion to withdraw I would request that the Court enter a stay on these proceedings until the criminal proceeding in Knox County, Illinois has concluded.

3. Order that my address not be provided to the Plaintiff in this proceeding and that alternative service of the Plaintiff can be arranged. Further, I request that when any document is served upon the Plaintiff that my address be redacted from the pleading.

/s/ Derek C. Cropp

Derek C. Cropp

## Certificate of Service

A copy of this document was sent via U.S. Mail to the following recipients this 28th day of January, 2019:

>Kathryn Elizabeth Boyle
>OFFICE OF THE ATTORNEY GENERAL
>500 South Second Street
>Springfield, IL 62706

>/s/ Derek C. Cropp

Derek C. Cropp



## OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

January 11, 2019

Via Certified & Regular Mail

Mr. Derek Cropp

                Re:    Austin Carter #B-88767 vs. Derek Cropp,
                      Case no. 18-4151

Dear Mr. Cropp:

    On December 14, 2018, our office received a request for representation from you for the above-referenced case. Your request was made pursuant to the State Employee Indemnification Act (5 ILCS 350/1).

    After review and careful consideration, it has been determined that the actions giving rise to this claim amount to intentional, willful or wanton misconduct and, alternatively, that these actions were not within the scope of your employment. Accordingly, **the Attorney General declines to appear for you and defend you in this case**.

    You are advised to consider obtaining an attorney at your own expense to appear on your behalf and represent you in this case. You should note that you are sued in your individual capacity and that you are personally liable for any resulting judgment. Your failure to take action could result in a default judgment being entered against you.

In order to assist you, we have enclosed a copy of the Complaint and a Waiver of Service completed by you. You are required to respond to the Complaint by **January 23, 2019**. You should share this information with your attorney, should you choose to retain one.

Mr. Derek Cropp

January 10, 2019
Page 2 of 2

           Austin Carter #B-88767 vs. Derek Cropp,
           Case no. 18-4151

           Sincerely,

           Christopher L. Higgerson
           Bureau Chief
           General Law/Springfield

CLH/mh

Enclosures

cc (via regular mail): R. Fanning – IDOC Legal
          A. Rayhill – IDOC Legal

## COUNT III

**OFFICIAL MISCONDUCT (Class 3 Felony)**, in that said defendant, a public employee, an Illinois Department of Corrections correctional officer, while acting in his official capacity, knowingly performed an act which he knew was forbidden by law to perform in that he committed aggravated battery in violation of Section 12-3 of Act 5 of Chapter 720 of the Illinois Compiled Statutes, by pushing Austin Carter into a wall at Henry Hill Correctional Center, causing a broken clavicle to Austin Carter, in violation of 720 ILCS 5/33-3(a)(2).

## COUNT IV

**OFFICIAL MISCONDUCT (Class 3 Felony)**, in that said defendant, a public employee, an Illinois Department of Corrections correctional officer, while acting in his official capacity, knowingly performed an act which he knew was forbidden by law to perform in that he committed aggravated battery in violation of Section 12-3 of Act 5 of Chapter 720 of the Illinois Compiled Statutes, by causing great bodily harm to Austin Carter, in that he pushed Austin Carter into a wall, resulting in a broken clavicle of Austin Carter, in violation of 720 ILCS 5/33-3(a)(2).

A TRUE BILL

_Judith A Decker-Bayless_
FOREPERSON

Witness(es): Robert Matos, ISP _[signature] #6152_

2

**AFSCME / State of Illinois**

| | | | | |
|---|---|---|---|---|
| **Employee's Name** Derek Cropp | **Agency** IDOC | **AFSCME Local No.** 1274 | **Date Raised at Step 1** 1/21/19 | |
| **Job Title** Correctional Lieutenant | **CU** 500 | Henry Hill Correctional Center | | |

**Step 1 - Oral Step**

~~[signature]~~

Signature of Employee or union acknowledging discussion          1/21/19 (Date of Discussion)

VAR          1/21/19 (Date)

Signature of immediate supervisor acknowledging discussion of grievance.

**Step 2** (To be submitted within 5 work days after supervisor's answer given or due, whichever occurs first)

**Statement of Grievance** (Include facts of the complaint, sections of the Agreement violated--if applicable, and relief requested):

Derek Cropp and AFSCME are grieved when the State of Illinois violates Article XIII Sec.6 and any other pertinent Articles/Sections of the Master Agreement between AFSCME and the State of Illinois. Lt. Cropp was served paperwork, via certified mail, from the Attorney General's Office which stated the Attorney General's office was denying him representation and indemnification in a civil suit filed by an inmate.

**Resolution:** The State represent and indemnify Lt. Cropp as he is entitled to per Art. XIII Sec.6 of the Master Agreement and make Lt. D. Cropp and this Union whole again.

AFSCME hereby appeals

**EMPLOYEE** _____ the grievance to Step 2     James Stickle      1/22/19
                                                              (Union Representative)    (DATE)

**Date received by Intermediate Administrator or Designee**    1/22/19 (DATE)     MF (INITIALS)

**Answer** (to be given within 15 working days of receipt use attachment if additional space is required)          **Date settlement meeting held** _____

Signature _____ **Employer Representative** Date _____

☐ Accepted by Union    ☐ Rejected by Union    Signature _____ **Union Representative** Date _____

**Step 3 - To be submitted to Agency Head** (certified mail-return receipt recommended) within 15 working days after Step 2 answer was given or due, whichever occurs first. *Local must send copy to Council 31 (include fact sheets, information and documentation with Union copy only.)*

**AFSCME hereby appeals the grievance to Step 3**   Signature _____ Date _____
                                                    Union Representative

**Step 4 - To be submitted to Director of Central Management Services within 15 days after Step 3 Sign off.**

**AFSCME hereby appeals the grievance to Step 4.**   Signature _____ Date _____
                                                     Union Representative