# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN CARTER, #B-88767 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-4151 |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants | ) |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**[Remainder of page intentionally left blank.]**

To succeed on his claim of excessive use of force, Plaintiff must prove each of the following propositions by a preponderance of the evidence as to Defendant:

1. Defendant intentionally used force on Plaintiff;

2. Defendant did so with malice or extreme or excessive cruelty for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order; and

3. Defendant's malicious or excessively cruel conduct was the proximate cause of harm to Plaintiff.

In deciding whether Plaintiff has proved that Defendant used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are the need to use force, the relationship between the need to use force and the amount of force used, the extent of Plaintiff's injury, whether Defendant reasonably believed there was a threat to the safety of staff or prisoners, any efforts made by Defendant to limit the amount of force used, and whether Defendant was acting pursuant to a policy or practice of the prison that in the reasonable judgment of prison officials was needed to preserve security or order.

An officer is entitled to use some force if a prisoner disobeys a valid command. You may still consider, however, whether the amount of force used was excessive.

Defendants' Alternate No. 32                                                  Given _____
7th Circuit P.I. 7.18 (modified)                                         Given as Modified _____
*Hudson v. McMillian*, 503 U.S. 1, 7 (1992)                                  Refused _____
*Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)                          Withdrawn _____
*Williams v. Boles*, 841 F.2d 181 (7th Cir. 1988)
*Lewis v. Downey*, 581 F.3d 467, 476-477 (7th Cir. 2009)
*Wilkins v. Gaddy, 130 S.Ct. 1173, 1179-1180 (2010)*

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the constitutional violations.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical aspects of injury, even if it is not easy to measure.

In this case, the parties dispute whether Plaintiff suffered a physical injury. If you find that Plaintiff has proved by a preponderance of the evidence that he suffered a physical injury, you may award compensatory damages. If you find Plaintiff did not suffer a physical injury, you may not award compensatory damages. Whether or not Plaintiff proves a physical injury, you may award nominal damages and punitive damages, so long as you find that Plaintiff has met the standard for obtaining those damages.

You should consider compensatory damages for the physical pain and suffering Plaintiff has experienced and no others.

No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, then you must return a verdict for plaintiff in the amount of one dollar ($1.00).

Defendant's Alternate No. 33: Compensatory Damages　　　　　　　　　　Given _____
7th Cir. P. I. 7.27 (modified)　　　　　　　　　　　　　　　　　Given as Modified _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Refused _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Withdrawn _____

During the trial, certain testimony was presented to you by video conference. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Defendant's No. 1  Given _____
7th Cir. P. I. 1.05 (modified)  Given as Modified _____
Refused _____
Withdrawn _____

Not every push or shove violates the Constitution. Whether the use of force by state officials violates the Constitution ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Defendant's No. 2                                                                                            Given _____
*Hudson v. McMillan*, 503 U.S. 1 (1992)                                              Given as Modified _____
*Whitley v. Albers*, 475 U.S. 312 (1986)                                                          Refused _____
*Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010);                                            Withdrawn _____
*May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000).

"Maliciously" means intentionally injuring another without just cause or reason.  To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent.

Defendant's No. 3                                                                                  Given _____
Federal Jury Practice and Instructions                                            Given as Modified _____
5th Ed §166.31                                                                                Refused _____
                                                                                                      Withdrawn _____

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

Defendant's No. 4                                               Given _____
Federal Jury Practice and Instructions                Given as Modified _____
5th Ed §166.31                                             Refused _____
                                                                Withdrawn _____

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN CARTER, #B-88767 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 18-cv-4151 |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
|     Defendants | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, the foregoing, *Defendant's Proposed and Alternate Jury Instructions*, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Elizabeth Anne Nielsen    nielsen7@illinois.edu
    Kelly J. Franklin    kjf4@illinois.edu

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

    NONE

    By: /s/ Maria D. Gray
        Maria D. Gray #6323981
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois  62701
        (217) 782-9026 Phone
        (217) 524-5091 Fax
        Email: Maria.Gray@ilag.gov