# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AUSTIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-4151-SEM-TSH |
| | ) | |
| LIEUTENANT DEREK CROPP, | ) | Judge Sue E. Myerscough |
| | ) | |
| Defendant. | ) | |

## CONTESTED JURY INSTRUCTIONS
## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## 1.24 DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits depicting Hill Correctional Center and Austin Carter's injury have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Instruction No. 1
SEVENTH CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS 1.24

Given            _____

Refused          _____

Withdrawn        _____

# 7.18 EIGHTH AMENDMENT: EXCESSIVE FORCE AGAINST CONVICTED PRISONER – ELEMENTS

To succeed on his claim of excessive use of force. Plaintiff must prove each of the following three (3) things by a preponderance of the evidence:

1. Defendant intentionally used force on Plaintiff.

2. Defendant did so for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order.

3. Defendant conduct harmed Plaintiff. Plaintiff does not need to prove that he suffered a serious injury. If Defendant's use of force caused pain to Plaintiff, that is sufficient harm, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must

decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

In deciding whether Plaintiff has proved that Defendant used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are the need to use force, the relationship between the need to use force and the amount of force used, the extent of Plaintiff's injury, whether Defendant reasonably believed there was a threat to the safety of staff or prisoners, and any efforts made by Defendant to limit the amount of force used.

Plaintiff's Proposed Instruction No. 2
SEVENTH CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS 7.18 (modified)

Given            \_\_\_\_

Refused          \_\_\_\_

Withdrawn        \_\_\_\_

## 7.27 COMPENSATORY DAMAGES IN PRISONER CASES

If you find in favor of Plaintiff on Plaintiff's claim, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendant's use of excessive force against Plaintiff.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following type of damages, and no others:

- The physical and mental and emotional pain and suffering that Plaintiff has experienced and is

reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

- The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

When I say, "present value," I mean the sum of money needed now which, together with what the sum may reasonably be expected to earn in the future, will equal the

amounts of those monetary losses at the times in the future when they will be sustained.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff's Proposed Instruction No. 3
SEVENTH CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS 7.27

Given           \_\_\_\_

Refused         \_\_\_\_

Withdrawn       \_\_\_\_